# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | | |
|---|---|---|
| VERNELL W. ISRAEL , | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-02999-JMC-JRM |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WARDEN MICHAEL MCCALL, | ) | |
| PERRY CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Vernell W. Israel ("Israel"), is an inmate with the South Carolina Department of Corrections serving a sentence of (1) twenty-five years for armed robbery; (2) ten years (consecutive) for car-jacking; (3) twenty years (concurrent) for kidnapping; and (4) five years (concurrent) for possession of a stolen vehicle. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 1, 2011.[1] Respondent filed a return and motion for summary judgment on February 2, 2012. Because Israel is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 3, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Israel filed his response to Respondent's motion on March 19, 2012.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

## Background and Procedural History

The charges against Israel arose from a series of incidents in Horry County in August of 1999.

Israel was indicted in June of 2000, and pled guilty to the charges on July 10, 2000.[2]  He was

represented by Ronald Hazzard, Esquire. (App. 1).

An Anders[3] brief was filed on Israel's behalf by the South Carolina Office of Appellate

Defense raising the following issue:

> The lower court erred in accepting appellant's guilty pleas prior to an inquiry as to
> whether any bases in fact existed in support of the pleas.

It does not appear that Israel filed a *pro se* brief pursuant to state procedure.  The appeal was

dismissed by the South Carolina Court of Appeals. *See* State v. Israel, Unpub.Op.No. 2002-UP-279

(Ct.App. 2002).  Israel did not seek further review by the South Carolina Supreme Court, and the

Court of Appeals returned the Remittitur on May 17, 2002.

Israel filed an application for post-conviction relief ("PCR") on February 5, 2003. (App. 25).

An amended application was filed by retained counsel Tara D. Shurling, Esquire. (App. 49).  An

evidentiary hearing was held on March 22, 2005. (App. 51).  The PCR court filed an order of

dismissal on September 22, 2005.  An appeal was filed, but dismissed on June 6, 2006 due to a

violation of state procedural rules as a transcript was not timely requested.  The Remittitur was

returned by the South Carolina Supreme Court on June 22, 2006.

Israel filed a second PCR on February 3, 2009, seeking a belated appeal from the first PCR.

(App. 152).  A hearing was held on October 26, 2009. (App. 162).  Israel was represented by

Christina Catoe, Esquire.  A consent order granting the belated appeal pursuant to Austin v. State,

---

[2]A charge of attempted armed robbery was dismissed.

[3]Anders v. California, 386 U.S. 738 (1967).

305 S.C. 453, 409 S.E.2d 395 (1991) was issued on November 23, 2009. (App. 168). A petition for writ of certiorari, together with a <u>Johnson</u>[4] petition were filed by the South Carolina Office of Indigent Defense raising the following issue:

Whether plea counsel was ineffective in failing to interview an alibi witness?

It does not appear that Israel filed a *pro se* brief. The petition was denied by the South Carolina Supreme Court on August 5, 2011. The Remittitur was returned on August 23, 2011.

## **Grounds for Relief**

In his present petition, Israel asserts he is entitled to a writ of habeas corpus on the following grounds:

1. Direct Appeal

   a) My plea failed to meet the requirements of <u>Boykin v. Alabama</u>.

2. Defense counsel ineffective for failing to request a Blair hearing (competency to stand trial) before advising to plea.

   a) Due process of law prohibits the conviction of a person who is mentally incompetent, an evaluation should have been afforded Applicant before his plea.

3. Failure to request a continuance when indictments were served on Applicant minutes before the court urged him to plea.

   a) "South Carolina Constitution, Art. I, § 11. No person shall be held to answer for any crime except by receipt by Grand Jury indictment."

4. Failure to object to [S.C.R.Crim.P.] Rule 3 violation by the prosecutor.

   a) SCRCrimP Rule 3 states that the Solicitor shall take action within 90 days after receipt of the arrest warrant – by preparing an indictment which shall be filed with Clerk of Court; assigned a case number and be presented to Grand Jury.

---

[4] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).

**Discussion**

1. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir.

4

2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction.

Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes

final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a

defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days

after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction

become final on the expiration of the 90-day period to seek review by the United States Supreme

Court).

        The statute of limitations is tolled during the period that "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-

conviction process, "from initial filing to final disposition by the highest state court (whether decision

on the merits, denial of certiorari, or expiration of the period of time to seek further appellate

review)."  Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999).  Following the denial of relief in the state

courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United

States Supreme Court, nor the time a petition for certiorari is considered by the United States

Supreme Court, is tolled."  Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must

be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply.  "(A)n

application is 'properly filed' when its delivery and acceptance are in compliance with the applicable

laws and rules governing filings.  These usually prescribe, for example, the form of the document,

the time limits upon its delivery, the court and office in which it must be lodged, and the requisite

filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction

petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."

Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

The first step in calculating whether a petition is timely or not is to determine the date Petitioner's conviction became final. In this case, Israel's conviction became final on May 17, 2002, the date the Remittitur was returned by the South Carolina Court of Appeals. Because Israel did not seek further review by the South Carolina Supreme Court, he is not entitled to an additional ninety

(90) day period to seek review by the United States Supreme Court before his conviction became final. Martino v. Cartledge, 2010 WL 56093, *2 (D.S.C.) Reddock v. Ozmint, 2010 WL 568870, *5 (D.S.C.); Geter v. Warden, 2010 WL 2347057, *4 (D.S.C.); Coleman v. Warden, 2011 WL 3555797, *5, n. 7 (D.S.C.).

The next step in the statute of limitations analysis is determining when the present petition was filed. Israel certified on his petition that he placed his petition in the prison mailing system on November 1, 2011. The undersigned finds this to be the filing date for AEDPA statue of limitations purposes.

The last step of the analysis is to determine the number of untolled days accumulated from the time the conviction became final (here May 17, 2002) and the date of the filing of the petition (here November 1, 2011). The only periods during which the statute of limitations is tolled are those periods during which a properly filed PCR is "pending." 28 U.S.C. § 2244(d)(2).

By the time Israel filed his first PCR on February 5, 2003, 264 days of untolled time had passed. The statute of limitations remained tolled until June 22, 2006, when the Remittitur was returned after dismissal of the appeal of Israel's first PCR on procedural grounds. At that time, the statute of limitations again began to run and ran until February 3, 2009 when the Austin PCR was filed. By that time, an additional 952 days of untolled time had passed for a total of 1216 days of untolled time. Further calculations of untolled time are unnecessary as over three years of untolled time had lapsed and no new statute of limitations began based on Israel's Austin appeal. *See* McHoney v. South Carolina, 518 F.Supp. 2d 700, 705 (D.S.C. 2007); Pate v. Ozmint, 2009 WL 2983016, *4 (D.S.C.), Coleman v. Hagan, 2009 WL 2900698, *4 (D.S.C.); Gambrell v. Warden, 2010 WL 883008, *8 (D.S.C.); Frederick v. McCabe, 2011 WL 6026659, *3 (D.S.C.); Wilder v.

McCabe, 2012 WL 831484, *2 (D.S.C.).  These cases hold that the statute of limitations is not tolled

after an initial PCR is concluded and the filing of an Austin PCR because there is no collateral

proceeding pending during that time.

The petition is untimely, and Israel did not address Respondent's statute of limitations

argument in his Roseboro response.  Therefore, he has not suggested that he is entitled to invoke the

doctrine of equitable tolling.

2.  Merits

Alternatively, Respondent argues that even if the petition was not time-barred, Israel would

not be entitled to relief.

Since Israel filed his petition after the effective date of the AEDPA, review of his claims is

governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v.

Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865

(4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or (2) resulted in
> a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  *See* Williams

v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court

must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in [Supreme Court] cases .... A state- court

8

decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

* * *

[A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

a. Involuntary Guilty Plea (Ground 1)

Israel alleges that his "(g)uilty plea failed to meet the requirements of Boykin v. Alabama." (Petition, p. 3). He does not specify in what respect his guilty plea was deficient. However, in his Anders brief, Israel argued that the guilty plea was defective in that "(t)he lower court erred in accepting appellant's guilty plea prior to an inquiry as to whether any bases in fact existed in support of the plea." The record shows that the trial court advised Israel of the charges, the maximum penalties and his rights, and accepted his guilty pleas. (App. 12). Thereafter, the Solicitor gave a summary of the underlying facts and Israel did not disagree with the recitation. (App. 12-19).

A valid guilty plea must be the informed, voluntary decision of a competent defendant who has the opportunity to receive the advice of a reasonably competent attorney. A defendant must be informed of the charges against him and the protections afforded by the United States Constitution. Boykin v. Alabama, 395 U.S. 238 (1969) and Henderson v. Morgan, 426 U.S. 637 (1976). The

defendant must be informed of the direct consequences of his plea such as the maximum sentence and any applicable mandatory minimum sentence. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Israel argued in his Anders brief that his right to due process was violated by the procedure used by the court in accepting his guilty plea. However, none of the cases he cited were directly on point.

Israel's claim fails because "'the due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty...that is not accompanied by a claim of innocense.'" Ridgeway v. Stevenson, 2011 WL 666124, *8 (D.S.C.), quoting Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983) and citing Edwards v. Garrison, 529 F.2d 1374, 1376 (4th Cir. 1975).

b.  Ineffective Assistance of Trial Counsel

Israel alleges that his attorney was ineffective for failing to request a competency hearing, failing to request a continuance, and failing to object to the Solicitor not taking action on his arrest warrants within 90 days as required by state procedure.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

(1) Competency Hearing

This issue was raised in Israel's initial PCR, but omitted from the amended application prepared by counsel. At the beginning of the PCR hearing, counsel articulated which issues Israel was proceeding on but did not mention counsel's failure to request a competency hearing. (App. 55-60). No evidence was presented on this issue and it was not addressed in the PCR court's order of dismissal. Last, the issue was not included in the Johnson petition for writ of

12

certiorari.[5]    There is nothing in the record to suggest that Israel was incompetent.  He answered the trial court's inquiries at the guilty plea in a clear manner.  There is no basis in the record for Israel's claim.

(2) Continuance (Ground 3).

Israel asserts that his counsel was ineffective because he failed to request a continuance after he received copies of the indictments minutes before the guilty plea. The record shows that this issue was raised in the amended PCR application (App. 49), but was disallowed by the PCR court (App. 59).  Nevertheless, Israel offered testimony on the issue during the PCR hearing. (App. 64). The PCR judge commented on the issue during the hearing (App. 139), and made a general finding that counsel was prepared in the order of dismissal (App. 149).  However, the claim was not raised in the Johnson petition.  This claim is procedurally barred for the same reasons stated as to Ground 2.

Generally, requests for a continuance are left to the discretion of the court and violates the Constitution only when the court unreasonably and arbitrarily denies a continuance in the face of a justifiable delay. Morris v. Slappy, 461 U.S. 1 (1983).  The record in this case shows that when the trial court learned that counsel had received the indictments minutes before the guilty plea, a short recess was taken so counsel could go over the indictments with Israel.  (App. 4-5).  Israel has not argued or shown that he was prejudiced in these circumstances.

---

[5]This claim is procedurally barred because it was not properly developed in state court. *See* 28 U.S.C. § 2254(b)(1) and O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Further, Israel has not asserted that appellate counsel was ineffective as cause for default. *See* Martinez v. Ryan, 132 S.Ct. 1309 (2012).

(3) Prosecution Violation of State Procedural Rule (Ground 4).

S.C. Rules Crim.P. 3 requires the Solicitor to prepare an indictment, deliver it to the Clerk of Court, and obtain a true bill within 90 days of the receipt of the arrest warrant. Israel asserts that the Solicitor violated the rule. This issue was raised in the amended PCR application (App. 49), but was abandoned at the hearing. (App. 59). However, it appears that the PCR court addressed the issue as an alleged violation of subject matter jurisdiction. It was not raised in the Johnson petition and is procedurally barred for the same reasons as Israel's other claims of ineffective assistance of counsel.

Israel asserts that his attorney was ineffective because he did not object to the violation of the Rule. The application of the rule is purely one of state procedure. Israel cannot show that he was prejudiced because an objection would not have avoided prosecution. "(T)he South Carolina Supreme Court has held that a failure to comply with the 90-day requirement in the rule does not render an indictment void for lack of jurisdiction." Choice v. Eagleton, 2006 WL 316849, *3 (D.S.C.) citing State v. Culbreath, 282 S.C. 38, 316 S.E.2d 681 (1984).

## Conclusion

After reviewing the record, the undersigned concludes that the petition is untimely and should be dismissed for that reason. Alternatively, even if Petitioner's claims are considered on their merits, Israel would not be entitled to relief. It is, therefore, recommended that Respondent's motion for

summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
August 1, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).