**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Vernell W. Israel,   #267815, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 3:11-2999-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Michael McCall, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent Michael McCall's ("Respondent") Motion for Summary Judgment [Dkt. No. 17] in response to Petitioner Vernell W. Israel's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 1]. Petitioner is an inmate with the South Carolina Department of Corrections, currently housed at the Perry Correctional Institution. He filed this petition, proceeding *pro se*, on November 3, 2011. The Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 24], filed on August 1, 2012, recommends that Respondent's Motion for Summary Judgment be granted. Petitioner submitted timely objections [Dkt. No. 26] to the Magistrate Judge's Report. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates it herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

1

makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.§ 636(b)(1).

Petitioner timely filed objections [Dkt. No. 26] to the Magistrate Judge's Report and Recommendation on the Respondent's Motion for Summary Judgment. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Petitioner's objections merely restate his original claims, which include allegations that his guilty plea was invalid under *Boykin v. Alabama,* 395 U.S. 238 (1969) and that his attorney was ineffective for (1) failing to request a competency hearing; (2) failing to request a continuance after he received copies of the indictments just minutes before Petitioner's guilty plea; and (3) failing to object to the solicitor's failure to take action on his arrest warrants within the 90-day period as required by state procedure. However, construing Petitioner's objections liberally, the court is able to discern that Petitioner objects to the Magistrate Judge's finding that his habeas petition was not timely filed.

Section 28 U.S.C. § 2244 imposes a one-year statute of limitations on applications for a writ of habeas corpus. The statute of limitations is tolled during the time a "properly filed application for State post conviction relief or other collateral review with respect to the pertinent judgment is pending." In his report, the Magistrate Judge thoroughly discussed the time line of the relevant appeals and post conviction proceedings, finding two periods of untolled time during Petitioner's post-conviction actions in which there was no pertinent judgement or claim pending that would toll the one-year statute of limitations period pursuant to § 2244(d)(2). Specifically, the Magistrate Judge determined that Petitioner had accumulated 264 days of untolled time when he filed his first application for post-conviction relief ("PCR") and that an additional 952 days of untollted time accumulated between the dismissal of Petitioner's first PCR and the filing of his belated *Austin* appeal[1]. The Magistrate Judge cites several recent cases from this district for the proposition that "the statute of limitations is not tolled after an initial PCR is concluded and the filing of an *Austin* PCR because there is no proceeding pending during that time." [Report, Dkt. No. 24 at 8.]. *See McHoney v. South Carolina*, 518 F. Supp. 2d 700 (D.S.C. 2007); *Pate v. Ozmint*, 2009 WL 2983016, at *4 (D.S.C. Sept. 14, 2009), *Coleman v. Hagan*, 2009 WL 2900698, at *4 (D.S.C. Sept. 9, 2009); *Gambrell v. Warden,* 2010 WL 883008, at *8 (D.S.C. Mar. 8, 2010); *Frederick v. McCabe*, 2011 WL 6026659, at *3 (D.S.C. Sept. 29, 2011); *Wilder v. McCabe*, 2012 WL 831484, at *2 (D.S.C. Mar.12, 2012). Petitioner does not specifically object to the Magistrate Judge's statement of the law or the calculations made regarding untolled days. Moreover, Petitioner makes no argument that his

---

[1] *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (S.C. 1991). "Under *Austin*, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." *Odom v. State*, 337 S.C. 256, 523 S.E.2d 753 (S.C. 1999).

petition should benefit from equitable tolling of the statute of limitations,[2] and no such argument is self evident in the record. For these reasons, the court concludes that Petitioner's § 2254 claim is barred by the statute of limitations.

The Magistrate Judge also addressed Respondent's arguments in the alternative that Petitioner would not be entitled to relief even if the petition was not time barred. The court finds the statute of limitations to be dispositive in this matter. Additionally, Petitioner failed to specifically object to the Magistrate Judge's findings as to the substantive claims. For these reasons, the court accepts without specifically addressing the Magistrate Judge's findings as to the remaining claims.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 24]. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Dkt. No. 17] is **GRANTED**. Petitioner's Petition for a Writ of Habeas Corpus [Dkt. No. 1] is hereby **DISMISSED**, with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

---

[2] The United States Court of Appeals for the Fourth Circuit has held that the statute of limitations for habeas corpus petitions pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000).

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 6, 2012
Greenville, South Carolina